IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 13-cv-00090-PAB-MJW

LEHMAN BROTHERS HOLDINGS INC.,

      Plaintiff,

v.

UNIVERSAL AMERICAN MORTGAGE COMPANY, LLC,

      Defendant.

---

## ORDER

---

     This matter is before the Court on Defendants' [sic] Motion to Enforce Compliance with Court Order and to Transfer Venue [Docket No. 15] filed by defendant Universal American Mortgage Company, LLC ("Universal").  The Court's jurisdiction is based on 28 U.S.C. § 1332.

## I.  BACKGROUND

     Plaintiff Lehman Brothers Holdings, Inc. ("LBHI") is a Delaware corporation with its principal place of business in New York State.  Docket No. 1 at 2, ¶ 3.  At all relevant times, LBHI and Lehman Brothers Bank, FSB ("LBB", collectively "Lehman") were engaged in the purchase and sale of residential mortgage loans.  Docket No. 1 at 4, ¶ 11.  Universal is a Florida limited liability company with its principal place of business in Miami.  Docket No. 1 at 2, ¶ 4.  Universal is a mortgage lender that also resells mortgage loans on the secondary market.  Docket No. 1 at 4, ¶ 12.  Universal is registered to do business in Colorado and has an agent in the state to receive service

of process.  Docket No. 1 at 3, ¶ 6.

In 2004, Universal began selling residential mortgage loans to Lehman, under the oversight of Aurora Loan Services, LLC ("ALS"), a Lehman subsidiary then based in Littleton, Colorado.  Docket No. 1 at 3, ¶ 8.  On September 20, 2005, Universal and LBB entered into a Loan Purchase Agreement (the "Agreement"), which sets forth the duties and obligations of the parties with respect to the purchase and sale of mortgage loans.  Docket No. 1 at 4, ¶ 16; Docket No. 7-1.  One of the loans that Universal sold to LBB was Loan ****5128 (Horstmann) ("Loan 5128"), which LBB then sold to LBHI. Docket No. 1 at 5, ¶¶ 17-19.

On March 11, 2011, LBHI filed a breach of contract action against Universal in the United States District Court for the Southern District of Florida, alleging that Universal breached the Agreement with respect to eight loans that it sold to LBHI.  *See Lehman Brothers Holdings, Inc. v. Universal Am. Mortgage Co., LLC*, No. 11-cv-20859, Complaint [Docket No. 1] at 3, 4, ¶¶ 12, 22-26 (S.D. Fla. Mar. 11, 2011).  LBHI stated that venue was proper in that district because "a substantial part of the events and omissions giving rise to the claims alleged herein occurred in the district" and because "defendant is a corporation that is deemed to reside in the district."  *Id*. at 2, ¶ 6; *see* 28 U.S.C. ¶¶ 1391(a)(2), (c).

On January 4, 2013, Judge James L. King issued an oral ruling, memorialized in a January 9, 2013 order, severing the claims relating to each loan and dismissing without prejudice all of the claims except one.  Docket No. 15-1.  Judge King stated that, if plaintiffs were to refile the dismissed claims in the Southern District of Florida, each case would be randomly assigned.  Docket No. 15-1 at 2, ¶ 2.  On February 25,

2

2013, Judge King issued an order stating that, under his previous ruling, LBHI was at liberty to decide where to refile its remaining claims.  Docket No. 18-1 at 3.  On January 22, 2013, Judge King dismissed without prejudice the case he had retained for lack of subject matter jurisdiction because the claim no longer satisfied the amount-in-controversy requirement.  No. 11-cv-20859, Docket No. 100 (S.D. Fla. Jan. 22, 2013); *see* 28 U.S.C. § 1332(a).

On January 16, 2013, LBHI refiled its seven remaining claims as seven separate cases in the District of Colorado.  *See* 13-cv-00087-CMA-MJW; 13-cv-00088-CMA-MEH; 13-cv-00089-RM-KLM; 13-cv-00090-PAB-MJW; 13-cv-00091-REB-KMT; 13-cv-00092-WJM-BNB; 13-cv-00093-CMA-MJW.[1]  On  February 22, 2013, Universal moved to transfer this case to the Southern District of Florida.[2]  Docket No. 15.  On March 8, 2013, LBHI filed a motion in Case No. 13-cv-00087-CMA-MJW to consolidate all seven cases.  *See* 13-cv-00087-CMA-MJW, Docket No. 16.  On April 17, 2013, Judge Christine M. Arguello denied the motion to consolidate, finding that the doctrine of law-of-the-case does not apply, but nonetheless agreeing with Judge King's finding that consolidation would not serve judicial economy or efficiency.  *See id.*, Docket No. 21 at 3-5.

## II.  DISCUSSION

Universal predicated its motion to transfer venue on a rationale that later proved to be based on a misreading of Judge King's January 9, 2013 ruling.  Defendant

---

[1] On April 17, 2013, Judge Arguello denied LBHI's motion to consolidate the seven cases filed in this district.  No. 13-cv-00087, Docket No. 21.

[2] Similar motions are pending in the other cases.

claimed that Judge King *ordered* plaintiff to refile the dismissed claims as separate lawsuits in the Southern District of Florida.  *See* Docket No. 15 at 6-7 (quoting Docket No. 15-1 at 2, ¶ 2 ("Plaintiff, if it so chooses, may re-file each of its seven dismissed claims for breach of contract with the Clerk of Court in the Southern District of Florida").  Defendant's motion argued that, in filing the dismissed claims in this District, plaintiff violated the January 9, 2013 order.  Due to plaintiff disobeying that order, defendant filed a motion in the Southern District of Florida asking that the court award it costs or fees.  *See* Docket No. 18-1.  In denying defendant's motion, Judge King clarified that he did not require plaintiff to refile its claims in the Southern District of Florida, but rather plaintiff could refile "in this district or elsewhere."[3]  Docket No. 18-1 at 3.

As correctly interpreted by plaintiff in its response brief, defendant's remaining argument is that venue should be transferred to the Southern District of Florida pursuant to 28 U.S.C. § 1404(a).  "For the convenience of parties and witnesses" and "in the interest of justice," a district court may transfer a civil action to another venue where it might have been brought.[4]  28 U.S.C. § 1404(a).  In ruling on a motion to transfer venue under § 1404(a), the Tenth Circuit considers a mix of public and private factors, including (1) the plaintiff's choice of forum; (2) the accessibility of witnesses and

---

[3] Defendant filed its motion to transfer on February 22, 2013, before Judge King clarified his oral ruling.  After Judge King's February 25, 2013 order, defendant filed a supplement withdrawing the argument that plaintiff violated a court order.  Docket No. 18.

[4] Defendant does not argue that venue is improper in this District.  *See* 28 U.S.C. § 1391(b)(1), (2), (c)(2) (stating that venue is proper in a judicial district "in which any defendant resides" or one in which "a substantial part of the events or omissions giving rise to the claim occurred" and that, for the purposes of venue, a corporation is deemed to reside in any district in which it is subject to personal jurisdiction).

other sources of proof; (3) the cost of obtaining such proof; (4) docket congestion;

(5) problems related to the conflict of laws; (6) the desirability of having local courts

determine questions of local law; (7) advantages and obstacles to a fair trial; and

(8) judicial efficiency and economy. *Employers Mutual Cas. Co. v. Bartile Roofs, Inc.*,

618 F.3d 1153, 1167 (10th Cir. 2010) (internal citations omitted). A party seeking

transfer must establish that the balance of these factors weighs heavily in its favor. *Id*.

"Merely shifting the inconvenience from one side to the other, however, obviously is not

a permissible justification for a change of venue." *Scheidt v. Klein*, 956 F.2d 963, 966

(10th Cir. 1992). Courts accord substantial weight to the plaintiff's choice of forum,

although the importance of this factor is tempered where there is an absence of

significant contact between the forum state and the conduct underlying the cause of

action or where the plaintiff is engaged in forum shopping or judge shopping. *See id*.;

*see also* William W. Schwarzer, A. Wallace Tashima, & James M. Wagstaffe, Practice

Guide: Federal Civil Procedure Before Trial (Nat'l Ed. 2013) §§ 4:760-762.

In support of its motion, Universal argues that (1) the only contact between the

underlying events and Colorado is that "some of the personnel who manage litigation

for Plaintiff reside in this District," Docket No. 26 at 2; (2) LBHI litigated this case, by

choice, for two years without providing any indication that venue would be more

convenient elsewhere, Docket No. 26 at 3-4; and (3) the only logical motivation for

switching venue at this stage of the litigation is that LBHI is shopping for a new judge

and that, in such circumstances, a plaintiff's choice of forum is entitled to little weight.

Docket No. 26 at 6-7.

LBHI argues that transfer pursuant to § 1404(a) is unwarranted because

Universal has not shown that the balance of factors heavily outweighs its right to choose the forum.  Docket No. 21 at 7.  With respect to the convenience of witnesses and the availability of evidence, LBHI states that "the division of the LBHI estate that oversees the estate's residential mortgage loss recovery program is based in Greenwood Village, Colorado"; that "LBHI's corporate representatives located in Colorado have a legitimate interest in not having to travel to Florida for court appearances in seven cases, for seven 30(b)(6) depositions in Florida, for deposition preparation"; that LBHI's counsel is located in Denver, Colorado; and that the relationship between LBHI and Universal was overseen by ALS, which is located in Aurora, Colorado, "along with the relevant loan documents and potential LBHI witnesses/analysts."  Docket No. 21 at 7-8.  Finally, LBHI asserts that judicial economy would be served by denying transfer because Judge Arguello is currently presiding over a similar case against Universal brought by Aurora Bank, FSB.  Docket No. 21 at 8; *see Aurora Bank, FSB v. Universal Am. Mortg. Co.*, No. 12-cv-02067-CMA-MJW, 2012 WL 5878197 (D. Colo. Nov. 19, 2012) (denying Universal's motion to transfer case to the Southern District of Florida).

None of defendant's arguments, when compared to the *Employers Mutual* factors, demonstrates that the balance of the factors weighs heavily in Universal's favor. As Judge King later clarified, LBHI was free to refile this claim in a district where venue was appropriate.  Although LBHI had originally chosen the Southern District of Florida as the venue and the Florida proceedings had reached an advanced stage at the time of dismissal, LBHI was not required to choose the best or most logical district in which to refile its claim.  LBHI has demonstrated that it has some connections with the District

6

of Colorado, connections which would ordinarily prevent the transfer of this case to the

Southern District of Florida under § 1404(a).  Universal tries to lower the deference paid

to the plaintiff's choice of forum by arguing that LBHI is engaging in forum shopping

because it filed in this District to avoid drawing Judge King.  That argument is

unpersuasive.  When Judge King dismissed the seven claims, he ordered that, if they

were refiled in the Southern District of Florida, they would be returned to the clerk's

office for random reassignment.  According to the website for that district, there are as

many as twenty-four judges to whom the refiled cases could be assigned.[5]  *See*

http://www.flsd.uscourts.gov.  Thus, the chance of drawing Judge King was a little over

4%.  Moreover, apart from Judge King's ruling as to severance, Universal does not

identify any other reason that plaintiff would try to avoid Judge King.  Thus, on these

facts, judge shopping is too attenuated a theory to overcome plaintiff's choice of forum.

However, the fact that LBHI attempted to consolidate the dismissed cases after

they were filed separately in this District, while not the focus of Universal's motion or its

reply, deserves consideration.  LBHI did not file just one case with seven claims in this

District; it filed seven different cases.  It is evident that LBHI believed that Judge King's

January 9, 2013 order of dismissal had some binding effect on plaintiff.  *See* No. 13-cv-

00087, Docket No. 16 at 4, ¶ 5 ("Although LBHI disagreed with the conclusion reached

by the Florida Court, LBHI re-filed its claims in this District as seven separate lawsuits in

compliance with the Florida Court's order").  Nevertheless, LBHI tried to nullify the effect

---

[5] Even if only Miami-based judges could be drawn to the case, the chance of drawing Judge King would be approximately 6.7%, assuming that the senior judges each took a full draw.  *See* http://www.flsd.uscourts.gov/?page_id=3551.

7

of that order by filing a motion to consolidate all seven cases in front of the judge to whom the lowest numbered case was assigned.  *See* No. 13-cv-00087, Docket No. 16. As a practical matter, it is unlikely that plaintiff would have filed such a motion in the Southern District of Florida.  Even if Judge King had not been assigned one of the seven cases, the other judges in that district may have given significant weight to Judge King's decision to sever the claims.  Similar deference, however, would be less likely in a different district, especially a geographically remote district.  This may have given plaintiff a motivation to engage in forum shopping as opposed to judge shopping.  This motivation would explain the seemingly illogical decision of LBHI to refile in this District given how far the litigation had progressed in the Southern District of Florida.  However, Universal does not make this argument and the judge who ruled on the consolidation motion did not perceive an attempt by LBHI to forum shop.  *See* No. 13-cv-00087-CMA-MJW, Docket No. 21.

An additional reason to deny defendant's motion to transfer venue is that there is no longer any clear advantage to a transfer, given that three courts in this District have already denied motions to transfer five of the seven related cases.  *See* No. 13-cv-00087-CMA-MJW, Docket No. 28; No. 13-cv-00088-CMA-MEH, Docket No. 30; No. 13-cv-00091-REB-KMT, Docket No. 33; No. 13-cv-00092-WJM-BNB, Docket No. 30; No. 13-cv-00093-CMA-MJW, Docket No. 26.  Since five of the related cases will be litigated in this District, there is no basis for finding that transferring this case to the Southern District of Florida would serve the convenience of either the parties or the witnesses. *See* 28 U.S.C. § 1404(a).

## III. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that Defendants' [sic] Motion to Enforce Compliance with Court

Order and to Transfer Venue [Docket No. 15] is DENIED.


DATED August 1, 2013.

BY THE COURT:


 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge