IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-CV-00090-PAB-MJW

LEHMAN BROTHERS HOLDINGS, INC.

    Plaintiff,

v.

UNIVERSAL AMERICAN MORTGAGE COMPANY, LLC

    Defendant.

---

## STIPULATED PROTECTIVE ORDER [ Docket No. 36-1 ]

---

This Cause is before the Court upon the Parties' Joint Stipulation for a Protective Order pursuant to FED. R. CIV. P. 26(c). The Court has reviewed the file and is otherwise fully advised and finds that there are a potentially significant number of documents containing nonpublic personal information of borrowers and the confidential and proprietary information of the parties such that document-by-document review of discovery materials will be impracticable if the case is to proceed in an orderly, timely, and efficient manner. The parties' interest in protecting the non-public personal information of borrowers and their confidential and commercially-sensitive information from unnecessary disclosure outweighs any societal interest in disclosure of such materials to non-parties. Thus, after due consideration by the Court and for good cause shown, the Court finds that it is appropriate to expedite the flow of discovery material, promote resolution of disputes over confidentiality, and facilitate preservation of material arguably worthy of protection. Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. **Scope**. This Protective Order shall control the disclosure, dissemination, and use of documents, materials, and information designated as "Confidential" by one or more of the Parties in the Action. The foregoing includes, but is not limited to: (a) documents disclosed; (b) answers to interrogatories; (c) responses to requests for admission; and (d) deposition testimony. The Parties, and all other persons or entities who agree to be bound by this Protective Order shall collectively be referred to herein as "Covered Parties." The testimony, documents, and other confidential information referred to herein shall collectively constitute "Discovery Materials."

2. **Designations**. The Parties or any third party may, before production, designate as "Confidential" any Discovery Materials it believes discloses private or otherwise confidential information, including but not limited to private financial information or trade secrets. Discovery Materials designated as "Confidential" are referred to herein as "Designated Materials."

3. **Marking Confidential Information**. All Designated Materials shall bear a legend indicating its status as "CONFIDENTIAL." All information disclosed or discussed in a deposition or court proceeding designated as Confidential shall be so designated, orally on the record whenever possible, at the time the testimony is given or hearing conducted, or, alternatively in the case of a deposition, no later than 15 days after receipt of the deposition transcript by the designating party. All portions of transcripts designated as Confidential shall be treated with the protections set forth herein.

4. **Later Designations of Confidential Information**. The disclosure of Confidential information inadvertently not designated as such shall not constitute a waiver of the protections afforded such information. Any such information not

initially designated as Confidential may be so designated at a later time during the pendency of the Action, in writing by either of the Parties.

5.  **Restrictions On Disclosure**. Designated Materials (and any notes, work papers, summaries, or other documents reflecting the same) shall be used by the receiving party solely in connection with the Action and shall not be disclosed by the receiving party other than as follows:

   A.  To any person or entity who authored or received the Designated Materials prior to the filing of the Action;

   B.  The Court and its personnel, except that Paragraphs 8 and 9 (below) shall govern submissions of Designated Materials to the Court.

   C.  The Parties, including their employees, representatives, and affiliates (provided such disclosure is reasonably necessary to assist the Parties in the prosecution or defense of the Action); and

   D.  Outside consultants and experts (including their staff), retained by any party to assist in this Action, whether as a testifying expert or non-testifying consultant (collectively "Experts") if, prior to disclosing any Designated Material to such Experts, the Experts execute an agreement in writing stating he/she has read this Protective Order and agrees to be bound by it. The form of such agreement is attached hereto as **Exhibit A**, and incorporated herein by reference.

   E.  Any fact witness, provided that prior to disclosing any Designated Material such witness executes the form agreement attached hereto as **Exhibit A**, and incorporated herein by reference.

F. Court reporters, videographers, interpreters, and such other qualified persons otherwise unconnected to any party but who are involved in taking testimony, copying documents, and the like, provided that prior to disclosing any Designated Material such person(s) execute(s) the form agreement attached hereto as **Exhibit A**, and incorporated herein by reference

G. Designated Materials may also be marked "CONFIDENTIAL—ATTORNEYS EYES ONLY", in which case such Designated Materials shall have greater protection and shall only be disclosed to the Parties' counsel.

6. **Disclosure Agreements**. The attorneys of record for the party receiving the Designated Materials shall retain the original, executed **Exhibit A** agreements that have been executed by those to whom disclosure has been made.

7. **Procedure For Challenging Designations**. A party may object to any Designated Material by giving written notice of the disputed designation. The written notice shall specifically identify (by bates number) the Designated Materials to which the objection is made. If the parties cannot, in good faith, resolve the objection within 10 business days after the notice is received, it shall be the obligation of the party objecting to the designation to file a motion requesting the Court determine whether the designation is appropriate. The party seeking the confidentiality designation shall, however, have the burden of proof in justifying the confidentiality designation.

8. **Filings With Court**. All Designated Materials filed with the Court that include or reference a loan borrower's first name, social security number, date of birth, or loan number (with the exception of the last 4 identifying digits) will be redacted prior to attaching the same to the specific motion or filing. Any such redacted Designated

Materials may be filed with the Court without the necessity of a "Motion to Restrict Access" under D.C.COLO.LCIVR 7.2. If any papers to be filed with the Court contain **unredacted** information and/or documents that have been designated as "Confidential", then the Parties must comply with D.C.COLO.LCIVR 7.2. In any such "Motion to Restrict Access", the restriction level of the Confidential information and/or documents shall be a Level 1 absent good cause shown for a higher level of restriction or upon agreement of the Parties.

9. **Depositions, Hearings, and Trial**. No person may refuse to answer any question at a deposition, hearing, or trial on the sole ground that the questions require the person to reveal confidential information. Nothing contained in this Protective Order shall preclude the use of any Designated Material at a deposition, in a hearing, or at trial, including any appeal of this action.

10. **Use Of Confidential Information At Trial**. Except as otherwise provided herein, this Protective Order shall not affect the use or admissibility of Designated Material at trial. Each party shall be responsible for requesting appropriate relief from the Court regarding trial testimony and exhibits, including but not limited to further protective orders, trial management provisions, motions in *limine* and/or objections.

11. **Modification**. Any Covered Person may apply for modification of this Protective Order or the imposition of additional protections, upon reasonable notice to the Parties and after the Covered Party seeking modification has contacted counsel for the Parties to attempt to resolve the issues that are the subject of the requested modification.

12. **Conclusion Of Action**. Following final disposition of the Action, including all appeals therefrom, Covered Parties (including Experts) shall destroy all Designated Materials and certify such destruction, or return to the requesting party all Designated Materials. Notwithstanding the foregoing, counsel for each Covered Party may retain a record of the Action, irrespective of whether a Covered Party's Confidential information is included in correspondence, pleadings, discovery, notes, research, or other files maintained by the attorney for purposes of representing his/her client in the Action.

13. **Continuing Jurisdiction**. The Court shall retain jurisdiction over the Covered Parties for the purpose of ensuring compliance with this Protective Order and granting such amendments, modifications, and additions to this Protective Order, and such other and further relief as may be necessary *until Termination of The Case* [handwritten].

14. **Survival**. This Protective Order shall survive the final disposition of the Action, by judgment, dismissal, settlement, appeal, or otherwise.

SO STIPULATED.

Respectfully submitted, this 22nd day of July 2013.

| | |
|---|---|
| FOSTER GRAHAM MILSTEIN & CALISHER, LLP<br>*s/ Christopher P. Carrington*<br>Christopher P. Carrington<br>360 South Garfield Street, 6th Floor<br>Denver, Colorado 80209<br>Carrington@fostergraham.com<br>*Attorneys for Plaintiff* | PALUMBO BERGRSTROM LLP<br>*s/Marisa C. Ala*<br>Marisa C. Ala<br>Palumbo Bergstrom LLP<br>8375 South Willow Street, Suite 300<br>Lone Tree, Colorado 80124<br>mala@palumbolawyers.com<br><br>BILZIN SUMBERG BAENA PRICE & AXELROD LLP<br>*s/Philip R. Stein*<br>Philip R. Stein, Esq.<br>1450 Brickell Avenue, Suite 2300<br>Miami, Florida 33131-3456<br>pstein@bilzin.com<br>*Attorneys for Defendant* |

IT IS SO ORDERED:

BY THE COURT:

Dated: August 5, 2013.

_____
Hon. Michael J. Watanabe
United States Magistrate Judge

## EXHIBIT A

## PERSONAL UNDERTAKING REGARDING PROTECTIVE ORDER

I, _____ declare:

1. My address is _____. My present occupation is _____.

2. I have received the Stipulated Protective Order ("Protective Order") issued in *Lehman Brothers Holdings, Inc. v. Universal American Mortgage Company, LLC*, case #13-CV-00090 (District of Colorado). I have carefully read and understand the provisions of the Protective Order.

3. I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Protective Order, and will not copy or use except for purposes of this litigation, any information designated as "CONFIDENTIAL" which I receive in this litigation, except to the extent such Confidential Information is or becomes public information under the Protective Order.

4. I will comply with Paragraph 12 of the Protective Order regarding the return or destruction of all Confidential Information in my possession following the conclusion of this litigation.

I declare under penalty of perjury that the foregoing is true and correct and that this document is executed this _____ day of _____, _____, at _____.

_____
Signature

_____
Print Name