# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00090-PAB-MJW; 13-cv-89-RM-KLM, 12-cv-02067-CMA-MJW

LEHMAN BROTHERS HOLDINGS, INC.

    Plaintiff,

v.

UNIVERSAL AMERICAN MORTGAGE COMPANY, LLC

    Defendant,

**and**

AURORA COMMERCIAL CORP.,

    Plaintiff,

v.

UNIVERSAL AMERICAN MORTGAGE COMPANY, LLC

    Defendant.

_____

## JOINT MOTION TO STAY LITIGATION
_____

Plaintiffs, Lehman Brothers Holdings Inc. ("LBHI") and Aurora Commercial Corp. ("Aurora") together with Defendant Universal American Mortgage Company, LLC ("UAMC") (collectively "Parties"), through respective counsel, respectfully request this Court stay all proceedings in the above-captioned civil actions pending a ruling from the Tenth Circuit on related issues, and state as follows:

### Background

LBHI and UAMC are adverse to one another in seven related actions pending either before this Court or in the Tenth Circuit Court of Appeals. Aurora and UAMC are

adverse to one another in a case pending before this Court.  All of the cases referenced above relate to the same underlying contracts and business dealings (the sale of mortgage loans).  The underlying contracts contain a choice of law provision selecting New York law as controlling.  In all of the cases, UAMC has filed a Motion for Summary Judgment on various issues, including the assertion of a statute of limitations defense based upon application of New York's borrowing statute.

In the following five of the seven LBHI cases the Court granted summary judgment in favor of UAMC based upon application of New York's borrowing statute, finding LBHI's claims to have been untimely filed: 13-cv-91-REB-KMT, 13-cv-88-CMA-MEH, 13-cv-93-CMA-MJW, 13-cv-87-CMA-MJW, and 13-cv-92-WJM-BNB.  These five cases are on appeal to the Tenth Circuit Court of Appeals and have been assigned, respectively, the following case numbers: 14-1180, 14-1181, 14-1182, 14-1212, 14-1356.  The five cases on appeal to the Tenth Circuit have been consolidated by the Circuit and will be referred to herein as the "Consolidated Appeals."  The primary issues before the Circuit in the Consolidated Appeals include application of New York's borrowing statue and questions regarding claim accrual.

The remaining LBHI cases pending in the District Court are 13-cv-90-PAB-MJW and 13-cv-89-RM-KLM.  In 13-cv-90-PAB-MJW, the Court applied New York's borrowing statute to certain of LBHI's claims but denied UAMC's summary judgment as to LBHI's claim for contractual indemnification.  The Court also granted LBHI's motion for partial summary judgment as to UAMC's liability for breach of its contract.  The case is set for a Trial Preparation Conference on October 10, 2014, and trial is scheduled to commence on the issue of damages on October 27, 2014.  In 13-cv-89-RM-KLM, LBHI

and UAMC have both filed motions for summary judgment, and UAMC's motion for summary judgment includes the aforementioned statute of limitations defense based upon application of New York's borrowing statute. The motions for summary judgment are fully-briefed and pending a decision.

Finally, Aurora Commercial Corp., successor entity to Aurora Bank, FSB f/k/a Lehman Brothers Bank, FSB, filed an action against UAMC in case number 12-cv-02067-CMA-MJW. The facts and claims in this case are similar to the LBHI/UAMC actions mentioned above, and UAMC filed a motion for summary judgment that includes the same borrowing statute and statute of limitations defense mentioned above. UAMC's motion for summary judgment is fully-briefed and pending a decision.

## The Parties' Stipulation

The Tenth Circuit, via the Consolidated Appeals, will soon address and determine issues related to statute of limitations, including application of New York's borrowing statute and claim accrual questions. As such, the outcome of the Consolidated Appeals will significantly winnow the breadth of the disputes in 13-cv-00089-RM-KLM and 12-cv-02067-CMA-MJW and, specifically, will determine the statute of limitations questions raised in the pending summary judgment motions. The outcome of the Consolidated Appeals will also provide significant guidance as to whether, post-trial, an appeal of the summary judgment decision in 13-cv-00090-PAB-MJW is necessary as it pertains to the borrowing statute and claim accrual issues.

Accordingly, the Parties have agreed that it is in their respective best interest to stay any further litigation in the above-captioned civil actions given the sameness of the issues pending in the Consolidated Appeals. The Parties are also optimistic about

revisiting settlement discussions either during the pendency of the Consolidated Appeals or once the Consolidated Appeals are decided, to the extent LBHI's claims are not time-barred. Furthermore, the litigation referenced herein has been a long and expensive series of battles for all of the Parties, one of which has imperatives as part of its bankruptcy to spare avoidable expenses, and therefore the Parties are eager to focus their resources on the Consolidated Appeals at this time.

Alternatively, absent a stay of litigation additional appeals will likely be filed by LBHI, Aurora and/or UAMC regardless of how the pending motions for summary judgment are decided in 13-cv-00089-RM-KLM and 12-cv-02067-CMA-MJW. Further, absent a stay of litigation in 13-cv-00090-PAB-MJW, LBHI, UAMC, and the Court will expend significant time and resources on a jury trial in a case that will be appealed by UAMC (if its motion for reconsideration is denied and it does not prevail at trial) and/or LBHI on the same claim accrual issues pending in the Consolidated Appeals.

## **The Contingent Nature of the Parties' Stipulation**

LBHI preferred to stay some but not all of the above-captioned actions. UAMC also preferred to stay some but not all of the above-captioned actions. These preferences resulted in the compromise set forth in the Parties' stipulation and agreement. Accordingly, the Parties' agreement, and therefore any stay of litigation in any one case, is contingent upon a stay of litigation in all three of the above-captioned civil actions.

**WHEREFORE**, the Parties respectfully request the Court unanimously agree to stay all proceedings related to 13-cv-00090-PAB-MJW, 13-cv-00089-RM-KLM, and 12-cv-02067-CMA-MJW until such time as a ruling is issued by the Tenth Circuit Court of

Appeals in the Consolidated Appeals. The Parties propose that within thirty calendar days of a determination in the Consolidated Appeals, this Court order that the Parties provide a joint status report to the Court regarding (1) the outcome of the Consolidated Appeals, (2) the Parties' respective position as to the impact of the Consolidated Appeals on the pending litigation in the District Court, and (3) the Parties' position on likelihood of settlement (as set forth in this District's form pretrial order). The Parties further request any relief this Court deems just and proper.

Dated this 9th day of October, 2014.

By: *s/ Christopher P. Carrington*
Christopher P. Carrington
360 S. Garfield St., 6th Floor
Denver, CO 80209
T: 303.333.9810
Carrington@fostergraham.com
*Attorney for Plaintiffs LBHI and Aurora*

*and*

By: *s/Philip R. Stein*
Philip R. Stein
Enza Boderone
Bilzin Sumberg Baena Price & Axelrod, LLP
1450 Brickell Avenue, Suite 2300
Miami, Florida 33131
PStein@bilzin.com
EBoderone@bilzin.com

Marisa C. Ala
Palumbo Bergstrom, LLC
8375 South Willow Street, Suite 300
Lone Tree, Colorado 80124
*Attorneys for Defendant UAMC*

## CERTIFICATE OF SERVICE

      I hereby certify that on this 9th day of October, 2014, a true and correct copy of the foregoing **JOINT MOTION TO STAY LITIGATION** was electronically filed and served via *ECF* as follows:

Marisa C. Ala
Palumbo Bergstrom, LLC
8375 South Willow Street, Suite 300
Lone Tree, Colorado 80124
mala@palumbolawyers.com

Philip R. Stein
Enza Boderone
Bilzin Sumberg Baena Price & Axelrod, LLP
1450 Brickell Avenue, Suite 2300
Miami, Florida 33131
PStein@bilzin.com
EBoderone@bilzin.com

                                                *s/ Dyanna Spicher*